IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD MURRAY,**

           **Plaintiff,**

    **v.**                      CASE NO.  07-3248-SAC

**R. KELLY, et al.,**

           **Defendants.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF). Plaintiff asserts his due process rights protected by the Fourteenth Amendment were violated during two distinct prison disciplinary proceedings while he was an inmate at the El Dorado Correctional Facility, El Dorado, Kansas (EDCF).

As count one, plaintiff alleges he was found guilty at a disciplinary hearing on September 1, 2005. He appealed, and Kansas Secretary of Corrections Roger Werholtz remanded for a new hearing. He further alleges that on January 4, 2006, defendant Kelly conducted a new hearing but "refused to produce the video of the alleged fight," which left plaintiff with no evidence. Mr. Murray was again found guilty, and the decision was upheld on administrative appeal. Plaintiff claims no evidence was produced at this hearing in violation of K.A.R. 44-13-403(1), and he was denied a fair hearing.

As count two, plaintiff alleges that on May 18, 2007, his cell was searched and a disciplinary report was written. He further alleges he filed motions to dismiss, for a continuance, to compel

discovery of all favorable evidence, and objecting to a hearing by defendant Kelly whom he claims is biased. A continuance was granted, but he complains that Kelly still refused to provide him with assistance to prepare for the hearing. On May 30, 2007, a disciplinary hearing was held before defendant Kelly. Plaintiff again objected and claims he was denied an impartial hearing officer. He contends Kelly could not be fair because plaintiff has filed complaints and lawsuits against him. Plaintiff further claims defendant Kelly refused to allow him to call defense witnesses and cross-examine the witnesses against him, denied him discovery and the opportunity to present documentary evidence, refused to listen to him, "deemed all questions irrelevant," and refused to include them in the record. In addition, he again claims no evidence was presented at this hearing in violation of K.A.R. 44-13-403(1).

Mr. Murray asks the court to issue a declaratory judgment that defendant Kelly's actions in conducting the disciplinary hearings violated "the K.A.R.'s and law," and that defendant Roberts in "sustaining it" violated the plaintiff's Due Process rights. He also seeks compensatory and punitive damages.

**APPLICATION FOR LEAVE TO PROCEED WITHOUT PAYMENT OF FEES**

Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), and has provided a copy of his Inmate Account Statement in support as required. The financial records submitted by plaintiff indicate he is without funds to pay the filing fee or a partial fee at this time. However, plaintiff is reminded that pursuant to 28 U.S.C. 1915(b)(1), he remains obligated

to pay the full $350.00 filing fee in this civil action. The granting of leave to proceed in forma pauperis merely entitles plaintiff to pay the filing fee over time with periodic payments from his inmate trust fund account as detailed in 28 U.S.C. 1915(b)(2).

Plaintiff has an outstanding fee obligation of $135.00 in Case No. 04-3443, and a prior fee obligation of $350.00 in Case No. 07-3242. Collection action in this case shall begin upon plaintiff's satisfaction of those prior obligations. The Finance Office of the Facility where plaintiff is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the outstanding filing fee obligations have been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**SCREENING**

Because Mr. Murray is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being

dismissed for several reasons, which follow.

**FAILURE TO STATE A CLAIM OF DENIAL OF DUE PROCESS**

The court finds the complaint does not allege sufficient facts indicating a violation of federal constitutional due process. See Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's allegations present no liberty interest protected by the Due Process Clause since he does not allege that the sanctions imposed either affected the duration of his confinement, as with the loss of good time credit, or subjected him to conditions atypical and significant from those to be expected during imprisonment. Id. (Due process protections apply only if restriction or deprivation of a prisoner's liberty inevitably affects the duration of the prisoner's sentence or creates an "atypical and significant hardship" on the prisoner by subjecting him to conditions different from those ordinarily experienced by large numbers of inmates serving their sentences in the customary fashion). Plaintiff will be given time to inform the court of the sanctions imposed in both disciplinary actions he seeks to challenge herein.

**BARRED BY HECK**

Moreover, even if Mr. Murray was sanctioned with a loss of good time, this federal suit should be dismissed because his claim for damages is barred as premature under Heck v. Humphrey, 512 U.S. 477, 481 (1994) and Edwards v. Balislok, 520 U.S. 641 (1997). In Heck, the United States Supreme Court held that a person cannot bring a § 1983 action for damages based on an allegedly invalid conviction or sentence unless the conviction or sentence has previously been

4

invalidated through proper process. The Supreme Court applied the bar in <u>Heck</u> to § 1983 claims challenging prison disciplinary convictions in <u>Edwards v. Balislok</u>. In <u>Edwards</u>, a state inmate brought suit under § 1983 claiming the procedures used in his disciplinary proceeding violated his Fourteenth Amendment due process rights, in particular, his right to put on a defense and to a fair and impartial hearing officer. <u>Id</u>. at 643, 646-47. Balisok's disciplinary proceeding resulted in the loss of good time credits; however, his complaint did not seek restoration of those credits but rather compensatory and punitive damages, declaratory relief, and an injunction to prevent future violations. <u>Id</u>., at 643-44. Nevertheless, the Supreme Court concluded his claims for declaratory relief and money damages were not cognizable under § 1983 because, if established, they would "necessarily imply the invalidity of the deprivation of his good-time credits." <u>Id</u>. at 646. As a result, like in <u>Heck</u>, the Court held the prisoner stated no cognizable § 1983 claim unless and until the underlying disciplinary conviction was resolved in the prisoner's favor. <u>Id</u>. at 646-47.

Mr. Murray alleges herein that no evidence was presented, exculpatory evidence was withheld, and procedural defects occurred as due to the bias of the hearing officer. Plaintiff's claims for declaratory relief and money damages based on these allegations "necessarily imply the invalidity of the punishment imposed," and therefore are not cognizable under § 1983. <u>Edwards</u>, 520 U.S. at 648. Since plaintiff has not shown that his disciplinary convictions have been previously invalidated, his "request for damages resulting from his prison disciplinary proceedings, must be

5

dismissed as premature based on [Heck and Edwards]." Id. at 648.

**FAILURE TO STATE FACTS IN SUPPORT OF FEDERAL CONSTITUTIONAL CLAIM**

Furthermore, "[t]o state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff's claims against defendant Kelly allege violations of Kansas regulations and "law." Violations of state law, even if proven, do not amount to a claim of federal constitutional violation, and therefore are not grounds for a civil rights complaint.

Moreover, the sparse facts alleged by plaintiff do not evince a violation any federal constitutional right. Plaintiff seeks to challenge disciplinary actions taken against him on the basis of denial of assistance, denial of a witness request, failure to disclose exculpatory evidence, and failure to establish chain of custody of evidence. However, he does not allege facts as to what assistance he required, what the testimony of the disallowed witness would have been, what exculpatory evidence existed but was not disclosed, or what evidence required a chain of custody. He also does not describe the documentary evidence he was allegedly

6

prevented from presenting. Plaintiff does not even disclose what offenses he was charged with and found guilty of, and as noted, what sanctions were imposed in the two disciplinary actions. He does not provide copies or summaries of the Notices of Action or findings by the disciplinary hearing officer or his administrative appeals in both disciplinary proceedings, and does not even summarize the reasons given for the administrative appeal decisions.

Due process in prison disciplinary proceedings requires that a prisoner receive notice of the charges, a hearing, a written statement of the reasons for the prison's decision, and "some evidence" in the record to support the conviction. Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974); Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996)(discussing due process requirements for hearings resulting in revocation of good-time credits); Gwinn v. Awmiller, 354 F.3d 1211, 1219 (10th Cir. 2004), cert. denied, 543 U.S. 860 (2004). Clearly, the process due in prison disciplinary proceedings is not as extensive as in criminal proceedings. Wolff, 418 U.S. at 556, 570-571 (Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.); Smith v. Maschner, 899 F.2d 940, 946 (10th Cir. 1990). It follows that plaintiff had no federal due process right to confront and cross-examine adverse witnesses or to demand pre-hearing disclosure of all favorable evidence. Nor did he have a right to assistance or representation during the disciplinary process, as there is no indication he is illiterate or that the issues were complex. See Wolff, 418 U.S. at 570.

With respect to plaintiff's claim based on lack of

impartiality, the court's review is limited to whether such bias prevented the inmate from a meaningful opportunity to be heard and whether discipline was imposed for an improper purpose. Mitchell, 80 F.3d at 1446. Murray fails to explain how his allegations, that he has filed complaints and lawsuits against defendant Kelly and that Kelly has ruled against him in other disciplinary proceedings, demonstrate that defendant Kelly actually denied him a meaningful opportunity to be heard or imposed discipline for an improper purpose.

**BARRED BY PRIOR STATE ACTION**

Plaintiff states that prior to seeking relief in federal court under 42 U.S.C. § 1983, he pursued relief against the same defendants in Butler County District Court. He alleges he was granted costs, and the action was dismissed as moot. A federal district court lacks jurisdiction to consider claims that are "actually decided" by a state court or "inextricably intertwined" with prior state-court litigation. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Mo's Express, LLC v. Sopkin, 441 F.3d 1229, 1233 (10th Cir. 2006). Parties aggrieved by decisions of state courts may obtain federal review only by writ of certiorari to the United States Supreme Court, not by seeking collateral review in federal district court. See Rooker, 263 U.S. at 416; D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Thus, plaintiff must provide this court with a copy of the decision on his claims in the state courts or describe in detail the claims he raised and the relief granted in order for this court to determine whether or not it lacks jurisdiction over his claims.

8

**SOLE REMEDY FOR GOOD TIME CREDITS IS HABEAS CORPUS**

Furthermore, the court advises Mr. Murray that a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is the sole remedy for a state prisoner seeking relief which would result in reinstatement of earned good time credits. See Preiser v. Rodriguez, 411 U.S. 475, 490, 500 (1973). Thus, if plaintiff was sanctioned with the loss of good time in the disciplinary actions he challenges, his claims must be pursued in a habeas corpus action. Moreover, exhaustion of all available state court remedies is a prerequisite to bringing such a habeas corpus petition in federal court. Preiser, 411 U.S. at 500; Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987)(A Section 2241 habeas petition is the appropriate means by which to seek restoration of good-time credits). This action might be construed as a habeas petition by the court, but plaintiff does not allege full exhaustion of all available state remedies. See Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992)(state prisoner bringing federal habeas corpus action bears burden of proving exhaustion).

**FAILURE TO ALLEGE PERSONAL PARTICIPATION OF DEFENDANT ROBERTS**

Plaintiff names DHO R. Kelly as defendant as well as EDCF Warden Raymond Roberts. The only allegations he makes against Warden Roberts are that he should have known of the alleged violations and failed to correct them. Plaintiff states no facts indicating direct personal participation on the part of defendant Roberts in the alleged violation of due process, state regulations, and law. Defendant Roberts' affirmation of the hearing officer's determination on administrative review, alone, is not sufficient to

hold him liable for money damages based on plaintiff's claims.

In sum, plaintiff's complaint is deficient in that it fails to state a claim of federal constitutional violation, appears to be premature under <u>Heck</u> and <u>Edwards</u>, may be barred by prior state litigation, fails to allege personal participation on the part of defendant Roberts, and the sole remedy for plaintiff's claims may be a federal habeas corpus petition which must be preceded by exhaustion of all available state remedies. Plaintiff will be given time to show cause why this civil rights complaint should not be dismissed for all the foregoing reasons. If plaintiff fails to respond to this order in the time provided, this action may be dismissed without further notice.

Plaintiff's motion for appointment of counsel (Doc. 4) is denied, without prejudice. He is not entitled to counsel in a civil action, and appears to be capable of presenting facts in support of his claims.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's application for leave to proceed in forma pauperis is granted (Doc. 2), that collection of the outstanding fees in his prior actions and this action should commence and proceed until collected in full, and that plaintiff's motion for appointment of counsel (Doc. 4) is denied, without prejudice.

The clerk is directed to transmit a copy of this Order to the financial officer at the institution where plaintiff is currently

confined.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge